UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DR. LISA M. BUON,

        Plaintiffs,                                     **COMPLAINT**

vs.

NEWBURGH ENLARGED CITY SCHOOL
DISTRICT, SUPERINTENDENT ROBERTO
PADILLA and ANDREA MORIARTY,

        Defendants.
-------------------------------------------------------------------x

By and through her counsel, Michael H. Sussman, plaintiff avers against defendants as follows:

**PARTIES**

1. Plaintiff, Lisa M. Buon is a resident of the County of Orange, an African American and a long-time administrator in the Newburgh Enlarged City School District.

2. Defendant Newburgh Enlarged City School District [hereinafter "the district"] is a municipal corporation organized pursuant to the laws of the State of New York. It may sue and be sued and is situate in the County of Orange.

3. Defendant Roberto Padilla is the Superintendent of the school district as he has been for approximately eight years.

4. As Superintendent of Schools, defendant Padilla is responsible for the day-to-day administration of district affairs and his decisions represent district policy concerning the subject matters of those decisions.

**FEDERAL COURT JURISDICTION**

5. On or about January 22, 2021, plaintiff filed a charge of retaliation, race, national origin and disability discrimination with the EEOC. Exhibit 1.

6. On or about April 1, 2021, plaintiff received a right to sue letter from the EEOC. Exhibit 2.

7. Plaintiff initiates this action within 90 days of her receipt of that letter.

8. This court has jurisdiction over the federal questions raised in and by this matter pursuant to 42 U.S.C. section 2000(e), et. seq., the Americans with Disabilities Act and 42 U.S.C. section 1983 which vests jurisdiction in this court to hear claims of retaliation against a protected class member who claims to be the subject of retaliatory action for the filing of a previous civil rights action in violation of the equal protection clause of the Fourteenth Amendment. 28 U.S.C. sections 1331 and 1343 and 42 U.S.C. also predicate this court's jurisdiction over this action.

**STATEMENT OF FACTS**

9. On or about July 19, 2019, plaintiff, acting pro se, filed a civil rights lawsuit against, *inter alia*, defendants district, Padilla and Spindler.

10. That lawsuit continued in the district court until March 18, 2021, when it was dismissed.

11. On the same day, plaintiff authorized her counsel to, and he did, file a notice of appeal.

12. That appeal remains pending, having been perfected on June 28, 2021.

13. Defendants are fully aware of plaintiff lawsuit in which she complained in good faith that defendants district and Padilla discriminated against her based upon her race [black] and national origin [West Indian].

14. The Complaint elaborated numerous incidents of disparate discipline and treatment engaged in by both defendants district and Padilla.

15. While that complaint was pending and as set forth herein, plaintiff continued to experience terms and conditions of employment which would dissuade a person of reasonable firmness from filing a discrimination charge.

**NEGATIVE PERFORMANCE EVALUATION**

16. At the end of the 2019-20 school year, plaintiff received a negative performance evaluation which, after her grievance, defendant Padilla removed from her file.

17. On behalf of defendant district, Andrea Moriarty completed this evaluation and, in essence, falsely claimed that plaintiff was only interested in assisting low achieving [read, Black and Latino] students and was not working on behalf of all students.

18. Moriarty also rated plaintiff as "developing" in areas where her own narrative demonstrates that plaintiff was effective.

**DENIAL OF APPLICATION TO BE SUMMER SCHOOL PRINCIPAL IN 2020 and 2021**

19. For the summer 2020 and 2021 and acting on behalf of defendant district, defendant Padilla did not select plaintiff to serve as summer school principal despite her prior successful experience in that role, her seniority and demonstrated qualifications for the position.

21. The four individuals defendant Padilla selected for the position of summer school principals for these two summers never initiated an EEOC charge against the district.

22. One of the individuals selected in 2020 was Latino and had been an Assistant Principal at an elementary school for 3 years.

23. The other person selected in 2020 was Caucasian and a building principal for a total of two years before receiving this appointment.

24. For the summer 2021, one selectee had been an assistant principal for approximately nine years and the second an assistant principal for many years. Neither had served as a principal. As had plaintiff.

25. Plaintiff met the criteria for the summer school principalship as she had been a school principal by the summer 2020 for seventeen years, fifteen in Newburgh.

26. No neutral, non-discriminatory basis supported defendant Padilla's rejection of plaintiff's application for the position of summer school principal.

27. Since she had successfully served as a building level principal for 15 years, plaintiff was better qualified than any of the four candidates selected for the summer school principal position.

28. By failing to select plaintiff for this position, defendants district and Padilla deprived her of at least $20,000 in income.

**INTERFERENCE BY PADILLA WITH SCHOOL LEADERSHIP TEAM**

29. While assigned as principal of Balmville Elementary School in 2020-21, plaintiff assembled a school leadership team which was mandatory for this school.

30. However, after meeting with defendant Padilla and two other members of his senior staff, all but one Newburgh Teachers Association member of this team quit the team.

31. The head teacher delegate from Balmville, Melissa Lamar, filed a hostile work environment complaint against David Brown. Plaintiff also filed a like complaint against Mr. Brown, but while Ms. Lamar's charge was investigated, Dr. Buon's was not.

32. Likewise, other teachers at Balmville discerned antipathy from Padilla toward plaintiff and mentioned this to Dr. Buon, causing her embarrassment in her new assignment and making it more difficult for her to gain the support and respect of all faculty.

33. Defendant Padilla did not likewise create such hostile environments for principals who did not file a civil rights lawsuit against him and the district.

### DEFENDANTS PADILLA AND DISTRICT'S REETALIATORY FAILURE TO PROVIDE REASONABLE PLAINTIFF ACCOMMODATION

34. Between March 2020 and September 2020, plaintiff repeatedly sought reasonable accommodation, specifically to engage in her job duties through telework as other members of the Newburgh School Administrators' Association were, but defendant Padilla repeatedly refused to approve such an accommodation beginning on July 13, 2020.

35. On July 14, 2020, plaintiff sent defendant Padilla a request that certain safety precautions be implemented to safeguard her well-being at Balmville Elementary School during the summer 2020.

36. In response to her request, on July 14, 2020, defendant Padilla claimed the district "always considers requests for reasonable accommodation from its employees, but in order to meaningfully engage in the interactive process, I need full information."

37. While requesting this information and meeting with plaintiff, defendant Padilla temporarily permitted plaintiff to work at home.

38. On August 12, 2020, plaintiff's nurse practitioner explained that plaintiff's chronic health conditions "made it imperative that the district follow all CDC and NYS Department of health requirements or allow her to work at home."

39. Having received this note, defendant Padilla unilaterally placed a meeting on plaintiff's calendar to discuss her request for reasonable accommodations for August 19, 2020.

40. Defendant Padilla did not attend the meeting he scheduled to discuss plaintiff's request for reasonable accommodations.

41. On August 20, 2020, the day after this meeting, through its Director of Human resources, Michael McLymore, acting on behalf of defendant district, defendant Padilla directed plaintiff to return to her assigned school building, Balmville Elementary school, the following day.

42. In response, on August 23, 2020, plaintiff submitted a note from her therapist, Dr. Patricia R. Griffin, attesting to the heightened anxiety Dr. Buon experienced because defendant district did not use outside professionals to evaluate her school's ventilation system and requesting that she be permitted to tele-work.

43. With this note, plaintiff requested a second meeting to discuss her need for a reasonable accommodation.

44. As of August 23, 2020 the day plaintiff submitted this note, defendant Padilla had allowed other school-building based administrators to work from home and had no good faith basis to distinguish plaintiff's request to do so from theirs.

45. In response to plaintiff's request to work from home, on August 26, 2021, McLymore sent her a HIPPA authorization allowing the district's doctor to consult with Dr. Buon's.

46. On August 28, September 2 and September 9, McLymore met with plaintiff to discuss her need to tele-work.

47. During these meetings, plaintiff outlined how she had accomplished all essential tasks from her home during the last nearly four months of the 2020-21 school year, explained that she could do so again and noted that the majority of her school's students would be learning remotely, not from school.

48. On September 14, 2020, defendant Padilla denied plaintiff's request to work from home and directed that she report to Balmville the following day.

49. Following receipt of this directive, plaintiff consulted with her union counsel.

50. Following that consultation, plaintiff conferred with her clinical psychologist who advised that returning to an environment the safety of which had not been attested to by outside evaluators would cause plaintiff additional emotional distress and anxiety.

51. On September 23, 2020, as defendant Padilla continued to insist that plaintiff could not perform essential job functions from her home, Dr. Griffin wrote the district, explaining that Dr. Buon had been doing so for months and could not attend to the workplace due to anxiety relating to heightened risks posed by exposure to COVID.

52. Said disability distinguished plaintiff from a person who did not face such health risks and prompted her to seek a reasonable accommodation, namely, the ability to conduct her work from home.

53. Defendant Padilla refused to acquiesce, advised plaintiff that she could no longer serve as building principal and directed her to utilize her sick leave "to the extent your mental state renders you unable to perform the essential functions of your job with or without a reasonable accommodation."

54. Defendant Padilla's formulation devalued plaintiff's physical and mental health, ignored her mental health disability, which derived from her compromised medical condition and that of her elderly mother who lived with her, and exaggerated the need for her to be present at school to fulfill essential job functions.

55. Claiming that plaintiff could not perform essential functions and that he could not accommodate her was a pretext, masking defendant Padilla's retaliatory animus based upon her naming him as a defendant in her then pending lawsuit.

56. Based on defendant Padilla's direction, plaintiff was disallowed from performing her job functions and required to utilize/exhaust her banked sick leave.

57. On behalf of the district and with authority delegated by the School Board, defendant Padilla maintained plaintiff out of school on this status and treated her differently from other similarly situated building administrators who had requested to telework because of like medical concerns.

58. Plaintiff remained out of work for months, exhausting her sick leave, until she was vaccinated and felt comfortable returning to her position.

59. When plaintiff returned to her position on April 5, 2021, she was subjected to numerous retaliatory acts by persons reporting and loyal to defendant Padilla, causing her work environment to be further hostile, in retaliation for her litigation against the district and her invocation of her rights under the ADA.

60. The air purifier with which she had been provided as an accommodation was removed from her office.

61. Defendant Andrea Moriarty repeatedly ignored plaintiff's accommodation needs and, instead, insisted that plaintiff walk through the building with her so that her yearly evaluations could be completed.

62. So walking through the building violated plaintiff's medical needs and accommodation and Moriarty knew this.

63. Moriarty and Dr. Spindler, a central office administrator, falsely accused plaintiff of not providing proper PPE so that students could return to school.

64. Dr. Spindler called Dr. Buon hostile, yelled at her and threatened to file a hostile work environment against her.

65. Dr. Spindler and Moriarty both filed a false hostile work environment claim stating that Dr. Buon lunged at Dr. Spindler.

66. By and through the actions and omissions set forth above, defendants caused plaintiff pecuniary and non-pecuniary damages, including emotional distress and anxiety, humiliation and embarrassment.

**AS AND FOR A FIRST CAUSE OF ACTION**

67. Plaintiff incorporates paras. 1-66 as set forth herein.

68. By retaliating against plaintiff in the terms and conditions of her employment in response to her filing and maintaining a federal civil rights case against them, defendant district violated Title VII of the Civil Rights Act of 1964.

**AS AND FOR A SECOND CAUSE OF ACTION**

69. Plaintiff incorporates paras. 1-68 as set forth herein.

70. By retaliating against plaintiff in the terms and conditions of her employment in response to her filing and maintaining a federal civil rights case against them, defendants district and Padilla violated the equal protection clause of the 14th Amendment.

**AS AND FOR A THIRD CAUSE OF ACTION**

71. Plaintiff incorporates paras. 1-70 as set forth herein.

72. By failing to accommodate plaintiff as set forth above, by and through the acts of its agents as set forth above, defendant district violated the Americans with Disabilities Act.

**WHEREFORE**, plaintiff prays that this Honorable Court accept jurisdiction over this matter, empanel a jury to hear and decide all issues within its jurisdiction, award to plaintiff compensatory damages for the pecuniary and non-pecuniary damages she sustained by and through defendants' actions and omissions as set forth above, award punitive damages against defendant Padilla for his retaliatory conduct, award plaintiff the reasonably incurred litigation-

related costs and attorneys' fees and enter any other and further order as the interests of law or equity require.

                                            Respectfully submitted,

                                            MICHAEL H. SUSSMAN [3497]

SUSSMAN & ASSOCIATES
PO BOX 1005
1 Railroad Avenue, Ste. 3
Goshen, NY 10924
(845)-294-3991

Counsel for Plaintiff

Dated: June 29, 2021