**SILVERMAN & ASSOCIATES** | ATTORNEYS AT LAW

**SO ORDERED:**
SAANYS are directed to participate in the telephone conference scheduled for October 20, 2022 at 10:30 a.m. so that the issues in this letter can be addressed. Defendants are directed to provide a copy of this endorsement to SAANYS.

*/s/ Judith C. McCarthy*   10-18-22

JUDITH C. McCARTHY
United States Magistrate Judge

**VIA ECF**
Hon. Judith C. McCarthy
U.S. District Court, S.D.N.Y.
300 Quarropas Street
White Plains, NY 10601

Re:   *Buon v. Newburgh Enlarged City School District et al.*
      Docket No.:   21-cv-5623(JCM)
      Our File No.: 5001.556

Dear Judge McCarthy:

We represent defendants in the above-captioned matter. We respectfully write, pursuant to Your Honor's May 26, 2022 Discovery Order, for permission to move to compel non-party the School Administrators Association of New York State ("SAANYS") to respond to the subpoena *duces tecum* (the "Subpoena") defendants served upon them and to produce the requested documents (*see* **Exhibit A**).

The Subpoena originally called for production of documents by September 22, 2022. By letter dated September 1, 2022 and received September 13, 2022, SAANYS responded by stating that "any responsive documents that we may have are protected by attorney client privilege" and that they "are in possession of none of [defendants'] requested documents." (Sept. 1, 2022 letter, annexed hereto as **Exhibit B** (emphasis added).) We then reached out to counsel for SAANYS and were able to speak with them by phone on September 15. After discussing our respective positions, SAANYS agreed to reconsider their position and, by email dated September 22, 2022, informed us that they were "working on trying to gather as much of the requested information as possible" and sought an extension of time to respond to the Subpoena, which we granted. (*See* Email Chain, annexed hereto as **Exhibit C**.) SAANYS new deadline to respond was then extended to October 7, 2022.

Thereafter, by letter dated October 4, 2022 and received October 12, 2022, rather than produce the material as anticipated, SAANYS "object[ed]" to the Subpoena "on the grounds that the materials sought are protected by the attorney-client privilege," "the materials requested may also fall under protection of attorney work product," and the Subpoena "is overbroad and unduly burdensome." (Oct. 4, 2022 letter, annexed hereto as **Exhibit D** (emphasis added).)

SAANYS objections are without merit. First, Plaintiff has waived the assertion of the attorney-client privilege for communications that she had with her SAANYS counsel, as she herself has intentionally produced numerous such emails to Defendants during discovery. (*See, e.g.* July 14, 2020 email chain, annexed hereto as **Exhibit E**.) Accordingly, in fairness, any additional communications or documents in SAANYS' possession must be produced. Fed. R. Evid. 502(a). Further, SAANYS' response with respect to any work-product protection is also deficient because it does not suggest they have sufficiently reviewed their records. Instead, they

*Hon. Judith C. McCarthy*
*October 17, 2022*
*Page No.: 2*

assert generally that any documents "may" be subject to such protection, which is insufficient. Fed. R. Civ. P. 45(e)(2)(A)(ii); S.D.N.Y. Local R. 26.2(a); *see also, e.g., In re N.Y.C. Policing During Summer 2020 Demonstrations*, 563 F. Supp. 3d 84, 90 (S.D.N.Y. 2021) ("Normally, the Court would deny the motion to quash based on the [party]'s failure to provide any kind of competent evidence describing . . . the documents being withheld."); *Kennedy v. Basil*, No. 18-cv-2501, 2019 WL 2343153, at *4 (S.D.N.Y. June 3, 2019) (rejecting objection on basis of privilege where no privilege log was produced); *In re Chevron Corp.*, 749 F. Supp. 2d 170, 180-84 (S.D.N.Y. 2010). Notably, no privilege log has been provided and for this reason, SAANYS' claims of privilege have been waived.

Second, the Subpoena requests documents that would conceivably not even be covered by the attorney-client privilege or work-product doctrine. For example, the Subpoena seeks documents relating to Plaintiff's grievances or other complaints, and it is plausible that non-privileged documents would be included in such records. *See, e.g., Reliance Ins. Co. v. Am. Lintex Corp.*, No. 00-cv-5568, 2001 WL 604080, at *2 (S.D.N.Y. June 1, 2001) (attorney-client privilege under New York law applies only to communications made "for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship," and the communications "must be primarily or predominantly of a legal character").

Finally, SAANYS' objection on the ground of overbreadth and burden is without merit. The Subpoena is narrowly defined to a relevant time frame and scope with respect to Plaintiff's accommodation requests. Further, to the extent there exists a large number of documents reflecting complaints, grievances or the like regarding Plaintiff in SAANYS' possession, again, SAANYS has failed to identify why such a production would be burdensome. In any event, Defendants would be willing to restrict the search for such documents to a reasonable time frame (2015 to present).

Accordingly, Defendants respectfully request that the Court schedule a conference to discuss this matter, or otherwise permit Defendants to file their motion to compel.

Very truly yours,

**SILVERMAN & ASSOCIATES**

By: */s/ Deanna L. Collins*
Deanna L. Collins
Attorneys for Defendants
445 Hamilton Ave., Suite 1102
White Plains, NY 10601
(914) 574-4510
DCollins@silvermanandassociatesny.com

CC: Counsel of Record (by ECF)
Constantine F. DeStefano (by email and USPS)
Counsel
School Administrators Association of

*Hon. Judith C. McCarthy*
*October 17, 2022*
*Page No.: 2*

New York State
8 Airport Park Boulevard
Latham, NY 12110
cdestefano@saanys.org